Daniel, J.
 

 First;
 
 as to the allegation in the bill, that the marriage articles were obtained by fraud; there is no evidence in the cause to sustain it. And if there was such evidence, the court could not look at it, in the manner this bill is framed. If the husband wished to have the aforesaid allegation enquired into, his wife and children, who have an adverse interest, should have been made defendants. As the bill is now framed, we are impelled to see and know, that the allegation is only made by the husband, and the wife has no power to gainsay or contradict it, if it were false.
 

 Secondly ; the defendant admits, that the slave Sally was included in the marriage articles as one of the slaves then belonging to his sister. He admits also, that he is the trustee in the said settlement, and executed the same by signing and sealing it. He also admits that he has sold the slave Sally to a man residing out of the State. This conduct on his part, was a breach of trust; and he must be
 
 decreed to
 
 account for the price of the said slave. As to the $150 credit which he demands, he may make what proof he, is able before the master: he has as yet filed no proofs in the cause tending that way. As to the allegation in the bill, that the defendant is an unfit person to be a trustee under the said marriage settlement, there are depositions filed in the cause on that question. It must, therefore, be referred to the Master, to enquire and report whether the defendant is an unfit person to be confined as trustee, either from his former mismanagement, or from his mental incapacity. And if he is found unfit, the Master will report a proper trustee.
 

 Per Curiam, Decreed accordingly.